# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC ROBINSON, | ) | CASE NO: 1:18CV00263 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| MICHAEL SAMIJLENKO, *et al.*, | ) | |
| Defendants | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

This case is before the Court upon consent of the parties, entered March 20, 2018. (Doc. No. 13.) Pending before the Court is Defendants' unopposed Motion to Dismiss. (Doc. No. 21.) For the reasons that follow, Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice.

## I. Procedural/Factual Background

On February 1, 2018, Plaintiff Eric Robinson, proceeding *pro se,* filed the instant matter alleging Defendant Michael Samijlenko, a police officer within the Parma Police Department,[1] assaulted Robinson during the course of an arrest. (Doc. No. 1 at 5.) Within his *pro se*

---

[1] Plaintiff also alleges three additional, unidentified Parma police officers assaulted him during this same arrest. Plaintiff lists these police officers as additional "John Doe" Defendants in his Complaint. (Doc. No. 1 at 2, 3.)

1

Complaint form, Plaintiff agreed "to provide the Clerk's office with any changes to [his] address where case-related papers may be served," with the understanding "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (*Id*. at 11.)

On March 12, 2018, Plaintiff filed a "Motion to Compel Production of Discovery Evidence" and a "Motion to Set Pretrial Scheduling Order." (Doc. Nos. 8, 9.) The Court denied these motions as premature. At that time, the Court reminded Plaintiff he was "charged with familiarizing [himself] with, and following, the Federal Civil and Local Rules." (Doc. No. 11 at 3.) The Court warned Plaintiff it was within its discretion to "impose sanctions on Plaintiff, which could include the dismissal of this matter." (*Id*.)

On April 2, 2018, the Court issued an Order setting a telephonic Case Management Conference ("CMC") for May 3, 2018. (Doc. No. 14.) Within this Order, the parties were directed to conduct a parties' planning meeting, in accordance with Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), prior to the CMC. (*Id.* at 4.) During the May 3, 2018 CMC, the parties admitted they had yet to conduct a parties' planning meeting. (Doc. No. 16.) The Court directed the parties to conduct this meeting and file their initial disclosures by May 17, 2018. (*Id*.)

Defendants filed a Report of Parties' Planning Meeting on May 3, 2018. (Doc. No. 19.) On May 10, 2018, Defendants filed their initial disclosures. (Doc. No. 20.) To date, Plaintiff has yet to submit his initial disclosures, as required by Fed. R. Civ. P. 26 (a)(1).

On May 23, 2018, Defendants filed the underlying Motion to Dismiss, requesting this matter be dismissed due to Plaintiff's failure to prosecute. (Doc. No. 21 at 1.) Plaintiff has not filed a response.[2]

---

[2] Under Local Rule 7.1, Plaintiff's response was due June 22, 2018.

On June 4, 2018, the minutes of the May 3, 2018 CMC[3] were returned to the Court as "not deliverable as addressed" and "unable to forward." (Doc. No. 22.)

On June 29, 2018, this Court issued a Order to Show Cause to Plaintiff. (Doc. No. 23.) Within this Order, the Court reviewed the above procedural history and noted

> At this juncture, Plaintiff has not contacted the Court to explain why he has not submitted his initial disclosures or provided the Clerk's office with a new address. He has not responded to Defendant's Motion to Dismiss; his response was due June 22, 2018. Because Plaintiff has failed to actively pursue this litigation, the Court again reminds Plaintiff his failure to comply with its Orders could result in sanctions, **including the dismissal of this matter entirely**.

(*Id*. at 3.)(emphasis added.) The Order directed Plaintiff to show cause "**on or before July 9, 2018 why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 16(f). Plaintiff is also directed to provide the Clerk's Office with an updated address. Failure to comply with this Order may result in the dismissal of this matter**." (*Id*. at 3.)(emphasis in original.) On July 16, 2018, this Order was returned as "not deliverable as addressed" and "unable to forward." (Doc. No. 24.) Plaintiff has not updated his address or otherwise responded to this Order.

## II. Law and Analysis

Defendants request this matter be "dismissed pursuant to Federal Rule 41(b) for Plaintiff's failure to prosecute and for failure to keep a current address on file with the Clerk's Office." (Doc. No. 21 at 1.) Defendants contend Plaintiff has not submitted his initial

---

[3] These minutes were mailed to Plaintiff on May 3, 2018, at the following address: Cuyahoga County Jail, P.O. Box 5600, Cleveland, Ohio 44101. (Docket Entry dated May 3, 2018.) This is the address Plaintiff indicated all case-related papers were to be served. (*See* Doc. No. 1 at 11.)

3

disclosures and indicate their initial disclosures were returned as undelivered, as Plaintiff had not provided an updated address following his release from the Cuyahoga County Jail. (*Id*. at 1, 2.) Defendants argue they can "only continue to serve Plaintiff at the County Jail with all court related papers . . .[as this] is the only address which Plaintiff has given as his service address." (*Id*. at 2.) As noted *supra*, Plaintiff has not filed a response to Defendant's Motion to Dismiss.

Rule 41(b) of the Federal Rules of Civil Procedure grants courts the "authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 736 (6th Cir 2008). Rule 41(b) provides

> (b) Involuntary Dismissal; Effect
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of a matter for failure to prosecute is a "harsh sanction" which should only be entered in "extreme situations." *Carpenter v. City of Flint,* 723 F.3d 700, 704 (6th Cir. 2013)(citing *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005).).

When determining whether it is appropriate to involuntarily dismiss a complaint, a court must consider the following four factors:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Evans v. Liberty Insurance Corp.,* 702 Fed App'x 297, 299 (6th Cir. July 19, 2017)(citing

*Schafer,* 529 F.3d at 737.). *See also Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001), *U.S. v. $506,069.09 Seized From First Merit Bank*, 664 Fed App'x 422, 427 (6th Cir. Oct. 25, 2016). The above factors balance the competing concerns of "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" with the preference for disposition of cases on their merits. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). No one factor is dispositive, but when there is "a clear record of delay or contumacious conduct," dismissal is appropriate.[4] *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

For the following reasons, the Court finds the balance of the four factors supports dismissal of this matter.

With regard to the first factor, Plaintiff has provided no justification for his failure to submit pre-discovery disclosures, provide a current address to the Clerk's Office, file a response to Defendants' Motion to Dismiss, or respond to this Court's Notice to Show Cause. The last (and only) time Plaintiff actively participated in this litigation was on May 3, 2018, when he participated in a telephonic Case Management Conference. (Doc. No. 16.) At that time, he was still incarcerated. Since his release from the Cuyahoga County Jail, Plaintiff has made no filings with this Court or updated the Clerk's Office with his current address. It is inequitable to expect Defendants to continue expending resources to defend this action, while Plaintiff has essentially

---

[4] While *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to follow court orders. *McConnell v. Comm'r of Soc. Sec.*, 2014 WL 2155090 at * 2 (N.D. Ohio May 22, 2014). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

abandoned his case. Moreover, Plaintiff cannot "expect this Court to locate him when he has provided no means for the Court to do so." *See Amison v. Legg,* 2015 WL 853526, at *3 (N.D. Ohio Feb. 26, 2015). This failure to participate in any aspect of this litigation can be construed as evidence of willfulness and fault. *See Jackson v. Sterilite Corp*, 2014 WL 5307911, at *3 (N.D. Ohio Oct. 16, 2014). *See also Eddins v. Dep't of Ohio VFW*, 2012 WL 1987162 at *1 (S.D. Ohio June 4, 2012)(recommending dismissal of *pro se* plaintiff's lawsuit where plaintiff failed to participate in a Rule 26(f) parties' planning meeting or respond to Court's "show cause" order.); *Robinson v. General Motors Co.,* 2013 WL 999598 at *3 (N.D. Ohio Mar. 13, 2013)(finding evidence of willfulness and fault where *pro se* plaintiff failed to participate in the submission of joint status reports, attend status conferences, or respond to discovery.). Thus, the first factor weighs in favor of dismissal.

As to the second factor, Plaintiff's unresponsiveness has resulted in prejudice to the Defendant. A "defendant is prejudiced by a plaintiff's conduct where the defendant 'wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.'" *Rogers v. City of Warren*, 302 Fed. App'x 371, 377-378 (6th Cir. Nov. 28, 2008)(quoting *Schafer*, 529 F.3d at 737.). Here, as a result of Plaintiff's conduct, Defendants were compelled to file the underlying Motion to Dismiss. Moreover, Plaintiff's unwillingness to provide an updated mailing address likely has interfered with Defendants' ability to prepare for discovery in this matter. *See Jackson*, 2014 WL 5307911 at *4. These delays caused by Plaintiff have also interfered with Defendants' desire to see this case resolved in an expedient manner. *See WRK Rarities, LLC v. United States*, 2014 WL 7507282, at *2 (N.D. Ohio Nov. 26, 2014)("The public's interest in expeditious resolution of litigation always favors

6

dismissal.")(internal citations omitted).

With respect to the third factor, the Court made Plaintiff aware of the consequences for failing to participate on multiple occasions. At the commencement of this action, Plaintiff filled out a *pro se* Complaint form. (Doc. No. 1.) The following provision was within this form:

> I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

(*Id*. at 11.) Plaintiff signed his name and provided his address directly below this provision. (*Id*.) On March 12, 2018, Plaintiff filed two Motions, which the Court denied as premature. (Doc. Nos. 8, 9, 11.) Within its denial, the Court reminded Plaintiff he was "charged with familiarizing [himself] with, and following, the Federal Civil and Local Rules." (Doc. No. 11 at 3.) The Court also warned Plaintiff it was within the Court's discretion to "impose sanctions on Plaintiff, which could include the dismissal of this matter." (*Id*.)

Finally, after Plaintiff failed to submit his initial disclosures or respond to Defendant's Motion to Dismiss, the Court issued a Order to Show Cause on June 29, 2018. (Doc. No. 23.) Within this Order, the Court noted Plaintiff's unresponsiveness and reminded Plaintiff "his failure to comply with its Orders could result in sanctions, including the dismissal of this matter entirely." (*Id*. at 3.) The Order also directed Plaintiff to show cause as to "why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 16(f)." and "provide the Clerk's Office with an updated address," or face possible dismissal. (*Id*. at 3.) To date, Plaintiff has not responded to this Order or updated his address.

The Court acknowledges Plaintiff may be unaware of the pending Motion to Dismiss and the Order to Show Cause because his mail has been returned as undelivered. (Doc. No. 22, 24.)

However, this is due to Plaintiff's own neglect, as he has failed to provide the Court with his current mailing address. *See Amison,* 2015 WL 853526 at *3 ("Thus, even though the [Order] may not have been received by Plaintiff, that fact should not weigh against dismissal for failure to prosecute."). Moreover, Plaintiff was expressly warned of the consequences for failing to update his address when he filed his Complaint. (Doc. No. 1 at 11.) Thus, the Court finds the third factor weighs in favor of dismissal.

Finally, as to the fourth factor, while less drastic sanctions have not been imposed, it seems futile to do so, as the Court is unable to locate Plaintiff without a current address. Thus, the Court doubts sanctions short of dismissal would elicit any response. *See Amison*, 2015 WL 853526 at *4 ("while measures other than dismissal for failure to prosecute have not been imposed or considered, there would be 'little purpose in doing so where the Court does not have an current address for plaintiff.'")(quoting *McClellan v. Mack*, 2012 WL 4461520, *4 (N.D. Ohio Feb. 23, 2012)).

At the same time, the Court is mindful that a dismissal with prejudice is an extraordinary sanction. Dismissal without prejudice is an alternative sanction which would better serve the interests of justice. *See e.g., Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589); *WRK Rarities, LLC v. United States*, 2014 WL 7507282 at * 3. While Plaintiff has repeatedly ignored the Court's Orders, he was recently released from custody. Accordingly, the Court finds the less severe sanction of dismissal without prejudice more appropriate.[5]

In sum, the Court is mindful of Plaintiff's *pro se* status, but due to his apparent

---

[5] Under Rule 41(b), involuntary dismissal operates as "adjudication on the merits" – i.e. with prejudice. However, it is within the Court's discretion to allow for the less drastic measure of dismissing without prejudice. *See Amison*, 2015 WL 853526 at *1, *4.

abandonment of his case, his failure to keep the Clerk's Office informed of his current address, and his failure to comply with basic procedural requirements, the Court finds, in the interests of justice, the balance of the four factors weigh in favor of dismissal.

### III. Conclusion

Accordingly, and for all the reasons set forth above, Defendant's Motion to Dismiss is GRANTED. (Doc. No. 21.) The Plaintiff's Complaint is dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Date: July 30, 2018                  *s/ Jonathan D. Greenberg*
                                                  Jonathan D. Greenberg
                                                  U.S. Magistrate Judge